UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CHAMBERLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>HARTOG, BAER & HAND, APC, et al.,<br><br>    Defendants. | Case No. 19-cv-08243-JCS<br><br>**ORDER DENYING MOTION TO ENTER FINAL JUDGMENT OR CERTIFY INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 61 |

## I. INTRODUCTION

Plaintiff Christopher Chamberlin, pro se, brought this action against his former attorneys, Defendants Hartog, Baer & Hand, APC ("HBH") and its three named partners David Baer, John Hartog, and Margaret Hand, asserting claims for fraudulent inducement, breach of fiduciary duty and the duty of loyalty, malpractice, and declaratory judgment that his retainer agreement with HBH is void. The thrust of many of Christopher Chamberlin's claims was that Defendants failed to disclose a purported conflict of interest with respect to Michael Levin, who is Christopher Chamberlin's uncle, served as the executor of Christopher Chamberlin's mother Jane Chamberlin's estate, and was his adversary in the underlying litigation for which Christopher Chamberlin engaged HBH. Unbeknownst to Christopher Chamberlin at the time, Michael Levin's cousin was married to Hartog's sister.

The Court previously granted Defendants' first motion under Rule 12(b)(6) and dismissed Chamberlin's claims—except for his claim for negligent legal malpractice against Defendants HBH, Baer, and Hartog—with leave to amend. Chamberlin amended his complaint to reassert the dismissed claims, Defendants moved again to dismiss them, and the Court dismissed those claims with prejudice, while again allowing Chamberlin to proceed on his negligent malpractice claim against HBH, Baer, and Hartog. Chamberlin now moves either to enter a final, appealable

judgment under Rule 54(b) of the Federal Rules of Civil Procedure, or alternatively to certify the Court's previous order for interlocutory appeal under 28 U.S.C. § 1292(b).  The Court finds the matter suitable for resolution without oral argument and VACATES the hearing previously set for October 16, 2020.  For the reasons discussed below, Chamberlin's motion is DENIED.[1]

## II.  BACKGROUND

### A.  Procedural History

Both Chamberlin's original complaint and his first amended complaint asserted the following claims: (1) declaratory judgment that his retainer agreement with HBH "is void against public policy because it created an undisclosed, unwaivable, and irreconcilable conflict of interest," Compl. (dkt. 1) ¶¶ 292–301; 1st Am. Compl. ("FAC," dkt. 47) ¶¶ 337–47; (2) fraudulent inducement, Compl. ¶¶ 302–39; FAC ¶¶ 348–404; (3) breach of fiduciary duty, Compl. ¶¶ 340–53; FAC ¶¶ 405–28; (4) breach of the duty of loyalty, Compl. ¶¶ 354–74; FAC ¶¶ 429–48; (5) "intentional legal malpractice," Compl. ¶¶ 375–98; FAC ¶¶ 449–72; and (6) "negligent legal malpractice," Compl. ¶¶ 399–414; FAC ¶¶ 473–87.

In the first of the two previous orders at issue, the Court dismissed with leave to amend Christopher Chamberlin's claim for fraudulent inducement because Christopher Chamberlin did not allege that any particular defendant actually knew that Michael Levin was Defendant Hartog's sister's husband's cousin, and without such an allegation it was not clear:

> (1) whether Christopher Chamberlin believes any defendant actually had such knowledge or whether he relies only on a theory of constructive knowledge or what Defendants' *should* have known; (2) whether Christopher Chamberlin believes that all Defendants knew of the relationship or that only some of them did; and (3) whether Christopher Chamberlin believes that Defendants knew of the relationship at the time that the parties entered the retainer agreement, or only learned of it at some point thereafter.

Order re Mot. to Dismiss, Mot. to Strike, & Mot. for Partial Summ. J. ("1st MTD Order," dkt. 44)[2]

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

[2] *Chamberlin v. Hartog, Baer & Hand, APC*, No. 19-cv-08243-JCS, 2020 WL 2322884 (N.D. Cal. May 11, 2020).  Citations herein to the Court's previous orders refer to page numbers of the versions filed in the Court's ECF docket.

at 11–12. Lacking clarity on Christopher Chamberlin's theory of fraud, the Court declined to reach questions of whether any of those possibilities would support a viable claim for fraudulent inducement. *Id.* at 12. The Court also noted that Christopher Chamberlin did not allege with sufficient particularity the circumstances in which Defendants assured him there was no conflict of interest, and that Christopher Chamberlin had not alleged a breach of any California Rule of Professional Conduct. *Id.* at 12–13. Because Christopher Chamberlin's claims for breach of fiduciary duty, breach of the duty of loyalty, intentional legal malpractice,[3] and declaratory judgment rested on his theory of fraudulent inducement, the Court dismissed those claims as well. *Id.* at 13–15. The Court dismissed or struck Christopher Chamberlin's prayer for punitive damages for the same reason. *Id.* at 15–16.

Defendants did not seek dismissal of Christopher Chamberlin's claim for negligent legal malpractice against Defendants HBH, Baer, and Hartog, and the Court allowed that claim to proceed against those defendants. *Id.* at 15. The Court granted Defendants' motion to dismiss the negligent malpractice claim against Defendant Hand with leave to amend, because Christopher Chamberlin had not alleged that Hand represented him. *Id.* The Court denied Christopher Chamberlin's motion for summary judgment. *Id.* at 16–18.

After Christopher Chamberlin amended to reassert the dismissed claims and Defendants moved once again to dismiss them, the Court concluded that Christopher Chamberlin had not resolved the deficiencies set forth in the Court's first order. *See generally* Order re Mot. to Dismiss in Part 1st Am. Compl. ("2d MTD Order," dkt. 60).[4] Christopher Chamberlin again did not "allege[] that any defendant 'had a legal, business, financial, professional, or personal relationship' with Michael Levin," because he did not persuade the Court that the attenuated

---

[3] The Court noted Defendants' argument that California does not recognize a claim for "intentional legal malpractice" as distinct from a general malpractice claim, which requires only negligence, but held that addressing Christopher Chamberlin's claim based on intentional misconduct (i.e., Defendants allegedly choosing to act in Michael Levin's interest rather than Christopher Chamberlin's) separately from his claim asserting negligent error furthered the federal pleading standard's goals of elevating practical concerns of efficiency and notice over legal formalism. 1st MTD Order at 14.

[4] *Chamberlin v. Hartog, Baer & Hand, APC*, No. 19-cv-08243-JCS, 2020 WL 5210919 (N.D. Cal. Sept. 1, 2020).

3

sister's-husband's-cousin relationship at issue was the sort of relationship contemplated by applicable rules of professional conduct, and failed to "allege[] that any person more closely related to any defendant—e.g., Hartog's sister Fay Levin, who is Michael Levin's cousin's wife— 'would be affected substantially by resolution of' the dispute between Christopher Chamberlin and Michael Levin, much less that any defendant knew or should have known of such an effect." *Id.* at 9 (quoting former Cal. Rule of Professional Conduct 3-310(B)(3)). The Court held that neither Christopher Chamberlin's conclusory allegations regarding Defendants' loyalty to the politically-connected Levin family nor Fay Levin's status as public figure (specifically, an ambassador) sufficed to allege a conflict of interest with respect to Michael Levin. *See id.* at 9–10. The Court also held that Christopher Chamberlin still did not allege any material involvement or error by Hand sufficient to support a claim against her for negligent malpractice. *Id.* at 11. Because Christopher Chamberlin had not been able to cure the defects identified in the previous order granting Defendants' first motion to dismiss, the Court denied leave to amend further and dismissed those claims with prejudice. *See id.* at 10–11.

### B. Parties' Arguments

Christopher Chamberlin argues that entering a separate judgment under Rule 54(b) on the dismissed claims would promote judicial efficiency because "these 'conflict of interest' claims are analytically distinct from [his] remaining professional negligence claim." Mot. (dkt. 61) at 16. He contends that although "there is some overlap in the context for these different species of claims," they are sufficiently distinct that separate appeals would not require the Ninth Circuit to address the same issues twice. *Id.* at 17. According to Christopher Chamberlin, there is no just reason for delay. *Id.* at 18–19. He cites no case entering a partial judgment under comparable circumstances. *See id.*

Alternatively, Christopher Chamberlin argues that the Court should certify the order dismissing his claims for interlocutory appeal under 28 U.S.C. § 1292(b). *Id.* at 19–25. He contends that the order resolved controlling issues of law that will materially affect the outcome of the litigation, and that there is substantial ground for a difference of opinion because courts have recognized a lawyer's obligation to disclose conflicts of interest that are exclusively within the

4

lawyer's knowledge. *See id.* at 22. Christopher Chamberlin argues that most of the potential discovery in the case would relate to his remaining negligent malpractice claims rather than the dismissed claims based on conflict of interest that he seeks to appeal, and that a simultaneous appeal therefore would not delay litigation of the remaining claims. *Id.* at 25.

Defendants contend that Christopher Chamberlin has not shown that the claims at issue are wholly severable, and argue that a partial judgment under Rule 54(b) would result in multiple duplicative appeals. Opp'n (dkt. 64) at 3–4. According to Defendants, they would be prejudiced by simultaneously litigating an appeal (which they believe is baseless) while aspects of this case remain pending in this Court, and Christopher Chamberlin has not established any prejudice he would suffer from waiting to appeal until all claims have been resolved. *Id.* at 5–6. Defendants argue that certification under § 1292(b) is not appropriate because Christopher Chamberlin has not established either substantial grounds for difference of opinion or that an immediate appeal would promote efficient resolution of the case. *Id.* at 6–9.

In his reply brief, Christopher Chamberlin contends that a separate appeal is warranted because the dismissed claims turn on different questions of law, a different theory of causation, and different standards of proof than the negligence theory that the Court has allowed to proceed. Reply (dkt. 65) at 10–12. Among other arguments with respect to certification under § 1292(b), Christopher Chamberlin contends that there is substantial ground for a difference of opinion on the existence of a conflict of interest because courts have recognized the significance of sibling-in-law relationships. *Id.* at 14–16. According to Christopher Chamberlin, the general rule that attorneys must disclose potential conflicts of interest required disclosure that Hartog's sister had the same surname as the adverse party in the probate matter. *See id.* at 17–19.

### III.   ANALYSIS

#### A.   Entry of Final Judgment Under Rule 54(b)

##### 1.   Legal Standard

Rule 54(b) allows a district court to direct entry of final judgment as to one or more of the claims while others remain pending if the court expressly determines that there is no just reason for delay. *See* Fed. R. Civ. P. 54(b). The Supreme Court has established a two-step process for

5

district courts to determine whether entry of judgment on a claim under Rule 54(b) is warranted. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980). First, the judgment must be final with respect to one or more claims. *See id.* A district court's judgment is final where it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Second, "the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8.

> "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.* at 8, (quoting [*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)]). Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* (quoting *Mackey*, 351 U.S. at 438).

*Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). The Ninth Circuit has endorsed a "'pragmatic approach focusing on severability and efficient judicial administration,'" but emphasized that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Id.* at 880, 882 (quoting *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987)).

### 2. Separate Judgment Is Not Appropriate

Both the dismissed claims and the remaining claims in this case turn on Chamberlin's dissatisfaction with his legal representation. The difference is whether the purportedly substandard performance arose from negligence or from a conflict of interest. The Court has twice concluded that Chamberlin's allegations do not indicate a legally significant conflict of interest, and because Chamberlin failed to resolve that issue after the Court dismissed such claims in his initial complaint, the Court concluded that further leave to amend would be futile.

In *Wood*, the Ninth Circuit reversed a district court's decision to grant partial final judgment under Rule 54(b) after granting summary judgment on some but not all claims in an employment discrimination case:

> This is not a complicated case. It is a routine employment discrimination action. In such cases it is typical for several claims to be made, based on both state and federal law, and for several theories of adverse treatment to be pursued. It is also common for motions to be made for summary judgment, and to be granted in part and denied in part as district judges trim and prune a case to focus on what really is at issue for trial. At least in our experience, requesting—or granting a request for—certification in ordinary situations such as this is not routine. We believe it should not become so. As put by the Supreme Court, "[p]lainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." [*Curtiss-Wright*, 446 U.S.] at 10.
>
> Because Wood's case is itself routine and partial adjudication of one of several related claims or issues is likewise routine, granting her Rule 54(b) request does not comport with the interests of sound judicial administration.

*Wood*, 422 F.3d at 879.

Just as in that case, granting Chamberlin's present motion would "effectively sever[] trial on different theories of adverse treatment arising out of the same factual relationship," in a context where "severance in a straightforward case such as this would never occur [for trial purposes] as it would strain, rather than serve, the interests of sound judicial administration." *Id.* at 880–81.

It is, of course, conceivable that entering final judgment and allowing the piecemeal appeal that Chamberlin seeks *could* result in efficiency—if the Ninth Circuit reversed this Court's previous orders and resolved the appeal in Chamberlin's favor, and if it did so before this case proceeded to trial or other significant phases of litigation on the remaining claims, and if Chamberlin did not prevail on other theories that would render superfluous the claims this Court dismissed, and if the Court took no other actions to which Chamberlin might object and raise on a subsequent appeal, then entering a separate judgment would promote efficiency. Such is true in virtually any case where some but not all claims are dismissed before trial. Conversely, if the Ninth Circuit were to affirm this Court's judgment, appealing now rather than later would be at most neutral from an efficiency standpoint. If the case resolves to Chamberlin's satisfaction, either through litigation or through settlement, there might be no need for an appeal at all. And if Chamberlin takes issue with other decisions this Court might make with respect to his remaining claim based on negligence, he might have cause to file a later appeal on those issues as well, weighing in favor of reserving judgment so that the Ninth Circuit can address all such issues at the

same time in a single appeal after *all* of Chamberlin's claims have been resolved in this Court.

In short, Chamberlin has not meaningfully distinguished this case from any other where some claims are dismissed while other related claims proceed. "Because [Chamberlin's] case is itself routine and partial adjudication of one of several related claims or issues is likewise routine, granting [his] Rule 54(b) request does not comport with the interests of sound judicial administration." *Wood*, 422 F.3d at 879. The motion for entry of judgment under Rule 54(b) is therefore DENIED.

### B. Certification of Interlocutory Appeal

#### 1. Legal Standard

A district court may certify a non-dispositive order for interlocutory review under § 1292(b) where: (1) "the order involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). By its terms, § 1292(b) requires the district court to expressly find in writing that all of those requirements are met. *Id.* "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citation omitted).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1981) ("The precedent in this circuit has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases . . . ."). In seeking interlocutory appeal, a movant must show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

### 2. Interlocutory Appeal Is Not Appropriate

As discussed above in the context of Rule 54(b), Christopher Chamberlin has not shown that this case is exceptional, or that it warrants a departure from the usual process of a single appeal after final judgment on all claims. Moreover, Christopher Chamberlin has not identified any "substantial ground for difference of opinion" beyond his own disagreement with the Court's previous orders. The caselaw that Christopher Chamberlin cites addressing generally the significance of conflicts of interest does not indicate that the sort of attenuated relationship at issue here—an adverse party who is a lawyer's sister's husband's cousin, with no plausible allegation that the lawyer was aware of that relationship—constitutes a conflict of interest. *Cf. Sheppard, Mullin, Richter & Hampton, LLP v. J-M Mfg. Co.*, 6 Cal. 5th 59, 80 (2018) (addressing circumstances where a law firm simultaneously represented clients with conflicting interests, actually knew of the conflicting interests, and failed to inform the client). Christopher Chamberlin cites a handful of cases from other jurisdictions noting the significance of a sibling-in-law relationship, albeit in contexts other than attorney conflicts of interest, Reply at 16 n.7, but Michael Levin is not Hartog's brother-in-law; he is Hartog's brother-in-law's cousin. Christopher Chamberlin has not alleged, even after being granted leave to amend, that the two ever met or were aware of one another. Christopher Chamberlin cites no authority suggesting that such a relationship, unknown to the attorney, establishes a conflict of interest. The motion to certify an interlocutory appeal under § 1292(b) is therefore DENIED.

## IV. CONCLUSION

For the reasons discussed above, Christopher Chamberlin's motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 9, 2020

JOSEPH C. SPERO
Chief Magistrate Judge