UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CHAMBERLIN,<br><br>Plaintiff,<br><br>v.<br><br>HARTOG, BAER & HAND, APC, et al.,<br><br>Defendants. | Case No. 19-cv-08243-JCS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 100 |

On April 26, 2021, Plaintiff Christopher Chamberlin, pro se, moved for leave to a file a motion for reconsideration of a discovery order (dkt. 92) issued on March 8, 2021. That order held that Chamberlin could not obtain discovery regarding an alleged conflict of interest potentially relevant to certain of his affirmative defenses because the Court had previously dismissed with prejudice Chamberlin's claims based on the same theory.

This Court's local rules require that a party seeking leave to move for reconsideration of an interlocutory order "must specifically show reasonable diligence in bringing the motion, and one of the following:"

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." Civ. L.R.

7-9(d). Chamberlin rests his present motion on all three grounds for reconsideration allowed by the local rule.

The motion for leave is DENIED for failure to show reasonable diligence. Chamberlin waited forty-nine days from the Court's discovery order to seek reconsideration. He states in a declaration that inflammation of his vocal cords and the recent discovery of a polyp have taken his attention away from this case, but Chamberlin has continued to represent himself in other aspects of the case during that time, and has not sufficiently explained why he could not bring the present motion sooner, rather than waiting until nearly two months after fact discovery closed.

Even if Chamberlin had shown diligence, the Court would deny the motion. To obtain reconsideration under subpart (1) of Local Rule 7-9(b), *see* Mot. for Leave (dkt. 100) at 3 (citing that subpart), Chamberlin must show not only "a material difference in fact or law exists from that which was presented to the Court," but also "that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Civ. L.R. 7-9(b)(1). Chamberlin has not identified any error in the fact or law previously presented to the Court, nor has he shown that he lacked knowledge of any fact or law at the time of the previous order. Constitutional theories of due process that Chamberlin simply failed to address in the original discovery dispute are not a "difference" from the law presented. Regardless, the Court is not persuaded that Chamberlin has any right to discovery[1] that would be relevant only to a conflict-of-interest theory that the Court previously held untenable under California law.

Turning to subpart (2) of the local rule, the evidence that Chamberlin cites as having newly emerged through discovery shows only the highly attenuated familial connection that the Court previously held insufficient to establish a conflict of interest under California law. *See* Mot. for Leave at 6–7. Neither the existence of a Levin family email listserv nor the fact that Defendant

---

[1] The order at issue concerned only the scope of permissible discovery. That discovery order did not resolve what arguments Chamberlin may present in his defense, or what evidence already in his possession he may use to support those arguments. *Cf.* Mot. for Leave at 3–6 (mischaracterizing the discovery order as effectively striking affirmative defenses and preventing Chamberlin from presenting evidence he has already received).

John Hartog received a "New Litigation Matter Report" including the name "Levin," Chamberlin Decl. (dkt. 100-1) ¶¶ 5–9, 14–15, alters the Court's conclusions that "an attorney's sister's husband's cousin is [not] the sort of 'personal relationship' contemplated by the [applicable California] rule," and that Chamberlin has offered no plausible reason to believe that any defendant would be influenced merely by an adverse party having the surname "Levin," *see* Order re Mot. to Dismiss 1st Am. Compl. (dkt. 60) at 9.  The fact that attorney Julie Woods prepared discovery that was never served, Chamberlin Decl. ¶ 16, could perhaps be relevant to Chamberlin's remaining malpractice claim, but does not alter the Court's analysis of his conflict-of-interest theory.

      As for manifest failure to consider facts or dispositive legal argument previously presented to the court under subpart (3)—which Chamberlin cites only in his notice of motion and does not address in his argument—Chamberlin has not identified any facts or dispositive argument previously presented that the Court failed to consider.

      Accordingly, Chamberlin's motion for leave to file is DENIED.

**IT IS SO ORDERED.**

Dated: April 27, 2021

JOSEPH C. SPERO
Chief Magistrate Judge