UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CHAMBERLIN,<br><br>Plaintiff,<br><br>v.<br><br>HARTOG, BAER & HAND, APC, et al.,<br><br>Defendants. | Case No. 19-cv-08243-JCS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 127 |

Plaintiff Christopher Chamberlin, pro se, seeks leave to file a motion for reconsideration of the Court's order on summary judgment (dkt. 125), arguing that the Court erred in treating the hypothetical outcome of a state-court appeal (if Defendants had timely filed it) as a question of fact requiring expert testimony rather than a question of law to be decided by the Court. *See* Mot. for Leave (dkt. 127). Chamberlin did not clearly raise this argument in his summary judgment briefing. The Court is nevertheless inclined to allow full briefing to ensure that the summary judgment order did not rest on a fundamental error of law.

Chamberlin's motion for leave is GRANTED, and he may file a motion for reconsideration no later than March 18, 2022, not exceeding fifteen pages, addressing whether California law calls for deciding the likely outcome of the appeal (if timely filed) as a question of law rather than a question of fact, and if so, how that alters the outcome of the parties' motions for summary judgment—including, for example, questions of whether he was likely as a matter of law to prevail on the appeal, and whether he could prevail at trial (or is entitled to summary judgment in his favor) on any further steps in the chain of causation necessary to show harm as a result of Defendants' error. Defendants shall file an opposition brief not exceeding fifteen pages no later than April 1, 2022, and Chamberlin may file a reply not exceeding ten pages no later than April 8, 2022. The Court will hear argument on May 13, 2022 at 9:30 AM via Zoom webinar.

The case management conference previously set for April 29, 2022 is CONTINUED to the same date and time as the hearing. The parties shall file an updated joint case management statement no later than May 6, 2022.

Chamberlin may not submit additional evidence with his motion, and must rely on the existing evidentiary record. Since the motion addresses an argument not clearly raised in Chamberlin's original motion for summary judgment, however, and Defendants would have been entitled to submit evidence in response if the argument had been raised at that time, Defendants may include new evidence with their opposition brief if they believe it to be necessary. If—and only if—Defendants submit new evidence with their opposition, Chamberlin may submit additional evidence with his reply.

**IT IS SO ORDERED.**

Dated: March 7, 2022

JOSEPH C. SPERO
Chief Magistrate Judge