UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CHAMBERLIN,<br><br>Plaintiff,<br><br>v.<br><br>HARTOG, BAER & HAND, APC, et al.,<br><br>Defendants. | Case No. 19-cv-08243-JCS<br><br>**ORDER REGARDING PUNITIVE DAMAGES AND MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 125, 131 |

## I.   INTRODUCTION

Plaintiff Christopher Chamberlin, pro se, brought this action asserting negligent legal malpractice (and other claims that have since been dismissed) against his former attorneys in a probate matter concerning his late mother's estate. The remaining defendants at this point in the case are David Baer and Hartog, Baer & Hand, APC ("HBH"). The Court previously granted summary judgment in Chamberlin's favor with respect to a $2,831.91 award of costs against him, and granted summary judgment for Defendants on all other aspects of Chamberlin's claim except for punitive damages, which they failed to address in their motion. *See generally* Order re Mots. for Summ. J. & Mot. to Exclude Expert Test. ("MSJ Order," dkt. 125).[1] The Court ordered Chamberlin to show cause why summary judgment should not be entered against him sua sponte under Rule 56(f) as to punitive damages. *Id.* at 33–34. The Court also granted Chamberlin leave to file a motion for reconsideration addressing whether the Court erred in treating the likely outcome of an appeal in the probate matter as a question of fact requiring expert testimony, and if so, how that affects the outcome of the previous motion.

---

[1] *Chamberlin v. Hartog, Baer & Hand, APC*, No. 19-cv-08243-JCS, 2022 WL 526157 (N.D. Cal. Feb. 22, 2022). Citations herein to this previous order refer to page numbers of the version filed in the Court's ECF docket.

The Court finds these matters suitable for resolution without oral argument and VACATES the law and motion hearings previously set for May 13, 2022. **The case management conference set for the same time remains on calendar.**

For the reasons discussed below, Chamberlin's motion for reconsider is DENIED, and the Court GRANTS summary judgment sua sponte under Rule 56(f) that Chamberlin cannot recover punitive damages on his negligent malpractice claim. Chamberlin's malpractice claim is therefore fully adjudicated, and Defendants' counterclaims against Chamberlin are the only remaining issues for trial.[2]

## II.   BACKGROUND

### A.   Factual Overview and Previous Orders

This order assumes the parties' familiarity with the facts and history of the case, which are set forth in more detail in the Court's previous order on the parties' motions for summary judgment. In brief, Chamberlin filed a petition to remove his uncle Michael Levin as executor of Chamberlin's mother's estate. The probate court sustained a demurrer against Chamberlin's petition, dismissing it without leave to amend. Defendants, representing Chamberlin, assured him that the demurrer order was not appealable until judgment was entered. Defendants were wrong. When they later appealed, the appellate court dismissed the appeal as untimely with respect to the order sustaining the demurrer, because it served in effect as a final denial of a request to remove an executor, which is an appealable order under the California Probate Code.

After excluding most of the opinions offered by Defendants' expert witness, this Court held that Chamberlin was entitled to summary adjudication that Defendants breached their duty of care in failing to file a timely appeal of the demurrer order. *See* MSJ Order at 17–22, 24–27. The Court found a sufficiently clear causal connection between the untimely appeal and a $2,831.91 award of costs against Chamberlin to grant summary judgment as to those limited damages. *Id.* at 29–31. The Court otherwise granted summary judgment for Defendants on this claim, holding that Chamberlin did not provide sufficient evidence to show any breach of duty besides the

---

[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

untimely appeal and Defendants' failure to obtain a transcript of the demurrer hearing, *id* at 24–25, or to show that any damages besides the award of costs were caused by the untimeliness of the appeal (or the failure to obtain a transcript), *id.* at 31–32. The holding that Chamberlin had not shown causation as to other forms of damages, which is the subject of Chamberlin's present motion for reconsideration, was based on Chamberlin's failure to offer expert testimony on that subject and the Court's conclusion that "a jury of nonlawyers would lack the experience and training to assess whether the Court of Appeal would more likely than not have reversed [the probate court's] order sustaining the demurrer if the appellate court had reached the merits of the appeal." *Id.* at 32. The Court also provided notice under Rule 56(f) of the Federal Rules of Civil Procedure that it was considering granting summary judgment sua sponte that Chamberlin could not recover punitive damages. *Id.* at 34.

Later, the Court granted Chamberlin leave to file a motion for reconsideration as to whether the hypothetical outcome of a timely appeal is a question of fact for resolution by the jury (as assumed in the previous order) or a question of law to be resolved by the Court. The Court held that while "Chamberlin did not clearly raise this argument in his summary judgment briefing," the Court was "nevertheless inclined to allow full briefing to ensure that the summary judgment order did not rest on a fundamental error of law." Order Granting Mot. for Leave to File (dkt. 130). The Court instructed Chamberlin to address:

> whether California law calls for deciding the likely outcome of the appeal (if timely filed) as a question of law rather than a question of fact, and if so, how that alters the outcome of the parties' motions for summary judgment—including, for example, questions of whether he was likely as a matter of law to prevail on the appeal, and whether he could prevail at trial (or is entitled to summary judgment in his favor) on any further steps in the chain of causation necessary to show harm as a result of Defendants' error.

*Id.*

### B. Arguments Regarding Reconsideration

Chamberlin contends that the likely outcome of an appeal is a matter for a malpractice court to decide as a question of law and cannot be submitted to a jury. Mot. for Reconsideration (dkt. 131) at 9–10. He recites the legal standard for evaluating a demurrer under California law

and the facts alleged in his petition (as well as facts he contends are supported elsewhere in the record of this case). *Id.* at 10–14. He contends that the brief Defendants filed on his behalf opposing the demurrer "provides a legal guide for this Court to consider when judging how the Court of Appeal would have ruled if Defendants had filed a timely appeal." *Id.* at 15. He also notes that that Defendants were surprised by the ruling and considered it to be incorrect, *id.* at 15–16, and acknowledges that Levin filed a declaration by Chamberlin's mother's former therapist "purporting to tell the court that [his mother] thought [Chamberlin] and his wife were dishonest," which Chamberlin contends was not true, *id.* at 14. According to Chamberlin, the appellate court would likely have reversed the order sustaining the demurrer if it had engaged in a de novo review on a timely appeal, *id.* at 16, and he would have been able to disqualify the probate judge on remand, resulting in more favorable rulings on a host of issues including but not limited to Levin's removal as executor, *id.* at 17–21.

        Defendants contend that the Court's previous order was correct because causation in legal malpractice cases is ordinarily a question of fact, although they acknowledge that "juries do not decide questions of law." Opp'n to Reconsideration (dkt. 136) at 6–8. Defendants frame the relevant question as "whether a determination of the underlying case 'hinges on an issue of law,'" *id.* at 8, with no citation for that quoted phrase, which they seem to have drawn from *In re Alan Deatley Litig.*, No. CV-06-0278-JLQ, 2008 WL 4153675, at *8 (E.D. Wash. Aug. 29, 2008), a malpractice case applying Washington law. Sidestepping the question of whether the likely outcome of the appeal (if it had been timely filed) is such an issue, they contend that the likely outcome of the probate case (if the appeal had been successful) is not. Opp'n to Reconsideration at 9–10. Defendants argue that California law grants probate courts broad discretion as to whether to remove an executor, guided by the principle that the testator's choice of executor should not lightly be set aside. *Id.* at 10–11. They contend that the appellate court likely would not have disturbed the probate court's decision not to remove the executor, *id.* at 12–13, and regardless, Chamberlin has not offered sufficient evidence to show that any other aspect of the probate case would have resolved differently if the appellate court had reversed the order sustaining the demurrer, *id.* at 13–15.

In his reply, Chamberlin reiterates his position that the hypothetical outcome of questions of law in the underlying case are to be determined by the court rather than by the jury in a malpractice case. Reply re Reconsideration (dkt. 139) at 8. He contends that the appellate court would have reviewed the order sustaining the demurrer de novo, and would have reversed because his petition sufficiently stated a cause of action for Levin's removal as executor. *Id.* at 9. He also argues that "this Court should find that an objective, unbiased judge, familiar with the Probate Code and procedure, would have *suspended* Levin's powers and *would have removed him* after a hearing with testimony and evidence revealing" various facts Chamberlin discovered in this case. *Id.* at 9–11. He contends that he has sufficiently shown harm proximately caused by Defendants' negligence and that the amount of his damages should be determined by a jury. *Id.* at 11–12.

### C. Arguments Regarding Punitive Damages

Chamberlin argues that he should be permitted to pursue punitive damage for Defendants' malpractice because Defendants' failure to research whether the demurrer order was immediately appealable meets the standard of willful misconduct described in *Bains v. Western Pacific Railroad Co.*, 56 Cal. App. 3d 902 (1976): "(1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril." *Bains*, 56 Cal. App. 3d at 905; *see* Pl.'s Br. re Punitive Damages (dkt. 132) at 7. He notes that Baer wrote to a colleague that he was "99% sure" that a separate judgment was needed to appeal but would "check in the morning," but there is no evidence that Baer actually followed up on that issue. Pl.'s Br. re Punitive Damages at 8. Chamberlin contends that failure to conduct research can be relevant to show "malice" by an attorney, citing malicious prosecution cases. *Id.* at 10 (citing *Lanz v. Goldstone*, 243 Cal. App. 4th 441, 468 (2015); *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 868 (1989)). He argues that Defendants' failure to disclose their purported deficiencies constitutes oppression and fraud. *Id.* at 11–12. In doing so, he renews arguments the Court has previously rejected regarding intentional concealment of a conflict of interest due to former defendant Hartog's attenuated familial-by-marriage relationship with Levin. *See id.* at 4, 11.

Defendants argue that Chamberlin cannot recover punitive damages for a claim based on

negligence, which is his only surviving claim in the case. Defs.' Br. re Punitive Damages at 4–6. They contend that Chamberlin has not presented "clear and convincing evidence that any of the Defendants engaged in intentional conduct against him with the requisite state of mind." *Id.* at 6. Defendants also offer a new declaration by Baer explaining his conduct, *see id.* at 9–10; Baer Decl. (dkt. 137-1), to which Chamberlin objects as untimely, *see* dkt. 138. The Court does not rely on that declaration.

### III.  ANALYSIS

#### A.  Legal Standard for Reconsideration

Unless a court specifically directs entry of final judgment on some portion of the case, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (cleaned up).

As noted above, the Court granted Chamberlin leave to file his motion for reconsideration based on concern that the Court may have committed clear error in treating what should have been a question of law as a question of fact requiring expert testimony.

#### B.  Legal Standard for Summary Judgment

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "'specific facts showing there is a genuine issue for trial.'" *Id.*

1  (citation omitted); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely
2  disputed must support the assertion by . . . citing to particular parts of materials in the record
3  . . . ."). "[T]he inquiry involved in a ruling on a motion for summary judgment . . . implicates the
4  substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson v.*
5  *Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986). The non-moving party has the burden of
6  identifying, with reasonable particularity, the evidence that precludes summary judgment. *Keenan*
7  *v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Thus, it is not the task of the court "'to scour the
8  record in search of a genuine issue of triable fact.'" *Id.* (citation omitted); *see Carmen v. S.F.*
9  *Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); Fed. R. Civ. P. 56(c)(3).

10        A party need not present evidence to support or oppose a motion for summary judgment in
11  a *form* that would be admissible at trial, but the *contents* of the parties' evidence must be amenable
12  to presentation in an admissible form. *See Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir.
13  2003). Neither conclusory, speculative testimony in affidavits nor arguments in moving papers
14  are sufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co.,*
15  *Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). On summary judgment, the court draws all
16  reasonable factual inferences in favor of the non-movant, *Scott v. Harris*, 550 U.S. 372, 378
17  (2007), but where a rational trier of fact could not find for the non-moving party based on the
18  record as a whole, there is no "genuine issue for trial" and summary judgment is appropriate.
19  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

20        Under Rule 56(f) of the Federal Rules of Civil Procedure, a Court may "(1) grant summary
21  judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider
22  summary judgment on its own after identifying for the parties material facts that may not be
23  genuinely in dispute," so long as the Court first "giv[es] notice and a reasonable time to respond."

24      **C.**    **Chamberlin Is Not Entitled to Reconsideration of His Limited Damages**
25        Although the Court's previous order did not address the issue with the depth it may have
26  deserved, Chamberlin has not shown that the Court erred in treating the hypothetical outcome of a
27  timely appeal as a question for the jury, requiring proof through expert testimony.
28        The parties agree that questions of law in the underlying case are for the court rather than

the jury to decide in a malpractice action. That position finds support in California caselaw. *See, e.g.*, *Piscitelli v. Friedenberg*, 87 Cal. App. 4th 953, 970 (2001) (holding that the likely outcome of a dispute that would have been resolved by arbitrators as finders of fact is for a jury to decide in a malpractice case, and finding that "conclusion . . . consistent with numerous out-of-state authorities holding that in legal malpractice cases, whether a court or jury decides the underlying case-within-a-case does not turn on the identity or expertise of the trier of fact, but whether the issues are predominately questions of fact or law"). *Piscitelli* cited with approval a Michigan decision holding that "whether an appeal lost because of an attorney's negligence would have succeeded if properly pursued is an issue for the court because the resolution of the underlying appeal originally would have rested on a decision of law." *Id.* (summarizing *Charles Reinhart Co. v. Winiemko*, 444 Mich. 579, 513 (1994)).

Typically, appellate review of an order on a demurrer turns on the legal question of whether the facts alleged support a claim, as well as the question of whether the trial court abused its discretion in denying leave to amend:

> We employ two separate standards of review when considering a trial court order sustaining a demurrer without leave to amend. We first review the complaint de novo to determine whether it contains facts sufficient to state a cause of action under any legal theory. We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. We also consider matters which may be judicially noticed. We affirm if any ground offered in support of the demurrer was well taken but find error if the plaintiff has stated a cause of action under any possible legal theory. We are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale.
>
> If we determine the facts as pleaded do not state a cause of action, we then consider whether the court abused its discretion in denying leave to amend the complaint. It is an abuse of discretion for the trial court to sustain a demurrer without leave to amend if the plaintiff demonstrates a reasonable possibility that the defect can be cured by amendment.

*Est. of Dito*, 198 Cal. App. 4th 791, 800–01 (2011) (cleaned up).

Here, however, the appellate court made clear that it considered the demurrer order to be effectively "[a]n order denying a request to remove an executor." Defs.' Request for Judicial Notice ("Defs.' RJN," dkt. 107-2) Ex. 27. Such an order is entitled to far more deferential review

8

under an abuse-of-discretion standard:

> The probate court's decision removing or declining to remove a personal representative is reviewed for abuse of discretion. To the probate court is given, in the first instance, the supervision and protection of estates of deceased persons, with power, in the exercise of that supervision, to remove an executor when, in its discretion, such step is necessary for the protection of the estate; and that power is not to be interfered with by the appellate court, unless there has been a clear abuse of that discretion.
>
> The abuse of discretion standard applies even when the evidence is of such a nature that reasonable minds would possibly differ regarding the facts. The test is not whether we would have made a different decision had the matter been submitted to us in the first instance. Rather, the discretion is that of the trial court, and we will only interfere with its ruling if we find that under all the evidence, viewed most favorably in support of the trial court's action, no judge reasonably could have reached the challenged result.
>
> As with all factual determinations, the probate court's findings of fact underlying its discretionary decision to remove an administrator are reviewed for substantial evidence. On appeal, our authority begins and ends with a determination of whether, on the entire record, there is any substantial evidence, contradicted or uncontradicted, which will support the judgment. Therefore, we must consider all of the evidence in the light most favorable to the prevailing party, giving that party the benefit of every reasonable inference from the evidence tending to establish the correctness of the trial court's decision, and resolving conflicts in support of the trial court's decision.
>
> It is well settled that all presumptions and intendments are in favor of supporting the judgment or order appealed from, and that the appellant has the burden of showing reversible error, and in the absence of such showing, the judgment or order appealed from will be affirmed. If the *decision* of a lower court is correct on any theory of law applicable to the case, the judgment or order will be affirmed regardless of the correctness of the grounds upon which the lower court reached its conclusion.

*Est. of Sapp*, 36 Cal. App. 5th 86, 103–04 (2019).

That standard does not implicate pure issues of law, but instead calls on the appellate court to review the manner in which the probate court exercised its discretion. The likely outcome of such issues of judicial discretion are normally for a jury to decide in a subsequent malpractice action. If a plaintiff fails to offer competent expert testimony "taking into account all of the relevant statutory factors or the broad discretion afforded the trial court," summary judgment for the defense is appropriate. *Namikas v. Miller*, 225 Cal. App. 4th 1574, 1586 (2014) (affirming summary judgment where a plaintiff failed to offer sufficient expert evidence addressing the

discretionary judicial decision to determine spousal support). Chamberlin needed to offer expert testimony here as to the likely outcome of the appeal, and failed to do so. The Court declines to alter the substance of its previous decision.

Even if the likely outcome of the appeal were for the Court to decide as a matter of law, Chamberlin has not met his burden of persuasion to show that the probate court's order on the demurrer would likely have been reversed if the appeal had been timely. The probate court was presented with evidence that Chamberlin's mother distrusted him and specifically chose not to list him as an alternative executor. Whether that evidence was accurate is not the question here. The probate court had broad discretion in determining how to weigh the evidence before it and whether to remove Levin as executor. The probate court could reasonably have determined that leaving Levin in place as executor best served the intent of the deceased, and that any issue of mismanagement was best addressed through a subsequent accounting. *See, e.g.*, *In re Chadbourne's Est.*, 15 Cal. App. 363, 367 (1911) ("The nomination of the executor is evidence of the confidence reposed in him by the testator, and the deliberate purpose and desire thus solemnly expressed as to the administration should not be thwarted, unless the plain provisions of the law or the interests of justice demand it."). To the extend Chamberlin believes he should have been entitled to leave to amend, he neither then nor now has "demonstrate[d] a reasonable possibility that [any] defect [could have been] cured by amendment." *See Est. of Dito*, 198 Cal. App. 4th at 801.

Moreover, even if Chamberlin could show that the demurrer order would likely have been reversed, he has not shown that outcome of the probate proceedings would have differed in any practical respect. His assertion that the probate judge would have been removed for bias is entirely speculative and cites no legal authority beyond the general statute prohibiting judicial prejudice. Mot. for Reconsideration at 17 (citing Cal. Civ. Proc. Code § 170.6). The reversal of a decision on appeal does not itself show bias by the judge, and there is no reason to think a motion to disqualify the probate judge after such a result would have been any more successful than the one Chamberlin actually filed, which was denied. *See* Defs.' RJN Ex. 31. Regardless, all of Chamberlin's claims to harm, besides the award of costs that the Court already found he is entitled

to recover as damages, rest on subsequent discretionary decisions by the probate court—primarily whether, if Chamberlin had been permitted to proceed on his petition, Levin would actually have been removed as executor. Under *Namikas*, 225 Cal. App. 4th at 1586, Chamberlin was required to show a likelihood of success on those issues through competent expert testimony, and failed to do so.

Accordingly, Chamberlin's motion for reconsideration is DENIED.

### D. Punitive Damages

"Under California law, a plaintiff may recover punitive damages in connection with a non-contractual claim if she establishes by clear and convincing evidence that the defendant is guilty of (1) fraud, (2) oppression, or (3) malice." *Doe v. Uber Techs., Inc.*, No. 19-cv-03310-JSC, 2019 WL 6251189, at *8 (N.D. Cal. Nov. 22, 2019) (citing Cal. Civ. Code § 3294(a)).

> Punitive damages are properly awarded where defendants are guilty of oppression, fraud or malice. The defendant "must act with the intent to vex, injure or annoy, or with a conscious disregard of the plaintiff's rights. Where nonintentional torts involve conduct performed without intent to harm, punitive damages may be assessed when the conduct constitutes conscious disregard of the rights or safety of others. A conscious disregard of the safety of others may thus constitute malice within the meaning of section 3294 of the Civil Code. In order to justify an award of punitive damages on this basis, the plaintiff must establish that the defendant was aware of the probable dangerous consequences of his conduct, and that he willfully and deliberately failed to avoid those consequences. Consequently, to establish malice, it is not sufficient to show only that the defendant's conduct was negligent, grossly negligent or even reckless.

*Bell v. Sharp Cabrillo Hosp.*, 212 Cal. App. 3d 1034, 1043–44 (1989) (cleaned up).

The evidence here shows nothing more than that Defendants made a mistake. Even if it was an obvious mistake, which is far from clear, gross negligence cannot support punitive damages. Even Baer's email that he intended to confirm his belief as to the deadline to appeal does not show the willful disregard necessary to pursue punitive damages, because by indicating that Baer was "99% sure" he was correct, it does not show any recognition of "*probable* dangerous consequences" if he did not follow up with further research. *Cf. id.* at 1044. Instead, the email indicates that Baer was highly confident (despite being incorrect) that his course of action would protect Chamberlin's rights. The cases Chamberlin cites addressing malicious

prosecution are inapposite, and the Court finds no basis for punitive damages in the record of this case. Summary judgment is therefore GRANTED sua sponte that Chamberlin cannot obtain punitive damages.

## IV. CONCLUSION

For the reasons discussed above, Chamberlin's motion for reconsideration is DENIED, and the Court sua sponte GRANTS summary judgment for Defendants that Chamberlin cannot recover punitive damages.

**IT IS SO ORDERED.**

Dated: May 12, 2022

JOSEPH C. SPERO
Chief Magistrate Judge