UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BAYRE CHAMBERLIN,<br><br>Plaintiff,<br><br>v.<br><br>HARTOG, BAER & HAND, APC, et al.,<br><br>Defendants. | Case No. 19-cv-08243-JCS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXPERT REPORT**<br><br>Re: Dkt. No. 216 |

Plaintiff brings a motion seeking leave to submit a supplemental expert report by a new expert addressing the reasonableness of Defendants' fees "given the entirety of circumstances, most critically, the malpractice in the case." Dkt. no. 216 ("Motion"). The Motion is DENIED.

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the Court may modify a scheduling order for "good cause." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " *Id.* (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification" and "[i]f that party was not diligent, the inquiry should end." *Id*.

Here, Plaintiff relies on observations made by the Court at the February 12, 2024 motion hearing suggesting that he will not be permitted to present his malpractice theory to the jury as a defense against Defendants' counterclaims. Plaintiff contends he could not reasonably have anticipated this "new position taken by the court . . . versus what was said during the CMC on 27

October 2023[,]" when he understood that he would be permitted to present this defense at trial. But Baer was disclosed as a non-retained expert to testify as to the reasonableness of Defendants' services on May 7, 2021 and expert discovery closed on July 30, 2021. Plaintiff has long been aware that the reasonableness of Defendants' fees is at issue, denying that the fees sought by Defendants were reasonable in his answer to their counterclaims, filed on March 26, 2020. Dkt. no. 33 (Answer to Defendants' Counterclaims) ¶ 8. The recent comments (or rulings) of the Court, therefore, are not sufficient to establish that Plaintiff has been diligent with respect to his request to submit an expert report from a new expert on this issue.

Although Plaintiff's failure to establish that he was diligent with respect to his request is a sufficient basis to deny the Motion, the Court also notes that Plaintiff overstates the prejudice he will suffer if his Motion is denied. While Plaintiff relied on his understanding of the Court's comments at the hearing, in its written Order, the Court explained that "while the Court held that Chamberlin is barred from seeking attorneys' fees on his *malpractice* claim, he may assert as a matter of *contract* that HBH's performance of legal services under the implied contract – if there was one – was not reasonable because 'the fees exceed the value of the services received.'" Dkt. no. 218 at p. 15-16 n. 8 (quoting *Herrington v. Superior Ct.*, 107 Cal. App. 4th 1052, 1060 (2003)). Thus, to the extent the underlying facts leading up to the appeal are relevant to the latter question, evidence relating to those facts may be admissible even if such evidence is also related to Defendants' malpractice. The Court has not yet decided whether the jury will be advised of the Court's prior ruling as to Defendants' malpractice, which is more properly addressed on a motion in limine. Nor has it made any evidentiary rulings excluding specific evidence related to whether the fees sought by Defendants exceed the value of the services rendered. Any objections to such evidence will be decided at the pretrial conference or at trial.

Further, while it is generally true that only an expert can offer testimony about the standard of care as it relates to a malpractice claim, *see Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988) (citing *Landeros v. Flood*, 17 Cal.3d 399, 410 (1976)), it is not clear that that rule applies to the contractual defense that the Court has permitted to go forward here, which does not necessarily rely on the standard of care in the relevant community. "Expert evidence is not needed

when the type of conduct required by the particular circumstances is within the common knowledge of laymen." *Id.* n. 1.  There may be facts within the knowledge of non-experts, including Plaintiff, that will be admissible to show that the value of the services provided was less than the amount of the fees billed. While the Court does not at this time rule on what evidence will be admitted at trial, possible examples include evidence that Defendants promised a pre-bill for their services on appeal but did not provide one and evidence that Defendants spent a great deal of time and money on legal services on appeal that were focused on recovering small sums of money, contrary to the understanding of the parties that the goal of the representation was to obtain a re-set of the case. Thus, it is not a foregone conclusion that Plaintiff's defense will fail because of lack of an expert.

For these reasons, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated:  February 28, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge

3